## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHAD ELLIOTT,                    )
                                 )
            Plaintiff,           )
                                 )
                                 )
v.                               )      Case No.      07-4051-SAC
                                 )
                                 )
TYSON FRESH MEATS, INC.,         )
f/k/a IBP, INC.,                 )
                                 )
            Defendant.           )

## ORDER

        This matter comes before the court upon plaintiff's Motion for an Extension of Time to Conduct Discovery (Doc. 52).  Defendant has filed a response (Doc. 55) to which plaintiff has filed a reply (Doc. 59).  Finally, defendant has filed a sur-reply (Doc. 64).  Also pending before the court is plaintiff's Motion to Strike Defendant's New Defenses or in the alternative Motion to Compel Discovery and to Allow Additional Discovery (Doc. 58).  Defendant has filed a response (Doc. 61), and plaintiff has filed a reply (Doc. 71).  The issues are fully briefed and ripe for decision.

**I.      Motion for Extension of Time to Conduct Discovery (Doc. 52)**

        In the present motion plaintiff seeks an extension of time to conduct discovery in order to conduct one additional deposition.

        **A.      Background**

        This is a retaliatory discharge suit in which the plaintiff alleges that he was fired as a result of missing work and for exercising his rights under the Kansas Workers

Compensation Act and the Family and Medical Leave Act in the wake of a back injury that he suffered while on the job.

Discovery in this case was scheduled to close on February 15, 2008.  On the last day of discovery, plaintiff's attorney conducted a deposition of Tim McCoy, defendant's Human Resources Director.  In the course of the deposition, Mr. McCoy stated that when he received an inquiry concerning the contemplated termination of plaintiff, he referred the matter to Paul Kirchner, a lawyer who works for defendant.

Plaintiff now argues that this newly acquired information concerning Mr. Kirchner's role in plaintiff's termination necessitates that plaintiff have an opportunity to depose Mr. Kirchner.  As noted previously, Mr. McCoy's deposition occurred on the last scheduled day of discovery.  Plaintiff filed the instant motion the same day of the deposition seeking an extension of time "for a limited purposed (sic) of conducting one deposition."[1]  Moreover, plaintiff has made it clear that, if the limited extension of time is granted, he intends to "endeavor to expeditiously schedule and complete the deposition" of Mr. Kirchner.[2]

Defendant opposes this motion, contending that there exists no good cause to grant the extension, as plaintiff has known about Mr. Kirchner's involvement in the termination decision for months and had sufficient opportunity to depose him prior to the close of discovery.

**B.     Discussion**

For the reasons discussed below, the court finds that a limited extension of time for discovery is appropriate in this situation.

---

[1]Motion for Extension of Time to Conduct Discovery ( Doc. 52) at p.  2.
[2]*Id.*

1.      **Fed. Rule Civ. P. 26(a)(1)**

Plaintiff and defendant have also engaged in a rather extensive, although ultimately somewhat irrelevant debate concerning whether defendant was obliged by Fed. R. Civ. P. 26(a) to disclose the identity and role of Mr. Kirchner.

As defendant correctly points out, the language that plaintiff relies so heavily upon is from an out-dated version of Rule 26 which no longer applies.  Under the current version of Rule 26(a)(1)(A)(i), the parties are only required to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--*that the disclosing party may use to support its claims or defenses*, unless the use would be solely for impeachment."[3] (emphasis added).  Because defendant had no plans to use Mr. Kirchner as a witness or to take his deposition, defendant was under no obligation under Rule 26 to disclose information about him to plaintiff.  However, while defendant is correct that it was under no obligation to disclose information concerning Mr. Kirchner as part of its initial Rule 26 disclosure, that fact is rather besides the point, as the issue here is whether plaintiff has presented sufficient justification for the court to find that good cause exists to extend discovery so that plaintiff can depose Mr. Kirchner.

2.      **Good cause**

Having considered that question, the court finds that good cause does, indeed, exist to extend discovery for the limited purpose of allowing plaintiff to depose Mr. Kirchner.  First, although plaintiff was, as defendant observes, aware of Mr. Kirchner prior to Mr. McCoy's deposition, the information that plaintiff possessed prior to Mr. McCoy's deposition was that Mr. Kirchner was *consulted* by Dennis Linebarger, a

---

[3] F.R.Civ.P. 26(a)(1)(A)(i).

manager at the Tyson plant, in conjunction with Mr. McCoy, the Human Resources Director.  Mr. McCoy's testimony at his deposition, however, was that, when he was consulted by Mr. Linebarger, he "referred" the matter to Mr. Kirchner.  Mr. McCoy's testimony thus suggests that his role in the decision-making process was rather minimal, and suggests that Mr. Kirchner's role may have been greater than it had previously appeared to be.  Whether this is, in all actuality, the case is far from clear, but is not material at this stage.  What does matter, however, is that Mr. McCoy's testimony suggests a more prominent role for Mr. Kirchner in the events which gave rise to this action than had previously been understood by plaintiff.  Under these circumstances, plaintiff's desire to depose Mr. Kirchner is reasonable and understandable.  As noted previously, Mr. McCoy's deposition took place on the final day of discovery, and thus if plaintiff is to be allowed a chance to depose Mr. Kirchner, discovery must be extended. Second, allowing extended discovery for the sole purpose of deposing Mr. Kirchner would not materially prejudice defendant.  This is especially true as the court will, in accord with defendant's request, extend the deadline for the filing of dispositive motions.[4]  In short, the court finds that plaintiff has demonstrated good cause why the time for discovery should be extended for the limited purpose of deposing Mr. Kirchner**.**

## II.      Motion to Strike (Doc. 58)

### A.      Background

As previously discussed, plaintiff alleging that he was wrongfully terminated after having missed work due to a back injury suffered on the job.  Among defendant's asserted defenses are two bases for termination based upon after-acquired evidence.

---

[4]Response (Doc. 55) at p. 4.

Plaintiff seeks to strike these defenses or, in the alternative, to compel additional discovery.  However, plaintiff's motion is confused as to why he seeks to strike these defenses or as to why the court should allow additional discovery.

B.    **Discussion**

Plaintiff has not pointed to specific authority entitling him to the relief that he seeks, but there are two possibilities, and each will be examined in turn.

1.    **Rule 12(f)**

 The first possibility is that plaintiff's motion is made pursuant to Fed. R. Civ. Pro. 12(f), which provisions parties, or the court acting upon its own motion, to move to strike a defense that is legally insufficient.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[5]  Rule 12(f) motions are generally not favored.[6]  Such motions will generally be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."[7]  Here, the after-acquired evidence defenses asserted by defendant are clearly not insufficient as the defense was properly raised by defendant in its Answer to plaintiff's Complaint, and is a well recognized affirmative defense to a wrongful termination claim.[8]  Accordingly, to the extent that plaintiff's motion is premised upon Rule 12(f) the court denies plaintiff's motion to strike the defenses.

2.    **Fed. Rule Civ. P. 37 Sanction**

---

[5] Fed. R. Civ. P. 12(f)
[6] *Fed. Deposit Ins. Corp. v. Niver,* ,685 F.Supp. 766, 768 (D. Kan. 1987).
[7] *Id.*
[8] *See e.g. McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995).

It seems more likely that plaintiff brings the instant motion pursuant to Rule 37 as a sanction for discovery abuses.  Indeed, the portion of plaintiff's motion that seeks to compel discovery is clearly a motion covered by Rule 37.

### i.    Rule 37 certification

To the extent that plaintiff's motion is pursuant to Rule 37, there exists a procedural obstacle that plaintiff has not yet overcome.  District of Kansas Rule 37.2 requires that:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."[9]

Further, the Rule specifies that a "'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[10]

Plaintiff's motion contained no certification that counsel for plaintiff has conferred in good faith with defendant's counsel prior to filing a Rule 37 motion.  In his reply brief, counsel for plaintiff did attempt to address this shortcoming.[11]  Although it is unclear from counsel's brief treatment of his efforts exactly what steps counsel for plaintiff took, it seems fairly certain that these efforts fell well short of the good faith effort to confer standard required by D. Kan. Rule 37.2.

---

[9] D. Kan. R. 37.2
[10] *Id.*
[11] Reply (Doc. 71).

Specifically, plaintiff's counsel stated that he "attempted to confer with defendant's counsel on February 9, 2008 however defendant's counsel was not available to do so." This clearly does not satisfy the standard set by D. Kan. Rule 37.2. Additionally, plaintiff's counsel states that "On Friday, March 7, 2008 plaintiff went through defendant's answers to plaintiff's interrogatories and defendant refused to provide a single additional piece of information to its discovery responses." It is not clear to the court what this sentence means. Without additional clarification, the court is unable to find that this satisfied plaintiff's duty to confer. [12] In any event, this subsequent certification does not cure the failure of the initial filing to include a certification of a good faith effort to confer prior to the filing of a Rule 37 motion.

### ii.      Fed. Rule Civ. P. 37(c)

Finally, plaintiff relies heavily upon a recent order of this court in *Lara v. USD 501*, contending that the court's ruling in that case compels the court to grant the present motion[13]. This reliance is misplaced, as the court's reasoning in that case is not relevant to the question at hand. In *Lara* the plaintiff sued his former employer alleging discrimination in violation of the Americans with Disabilities Act. In the course of discovery, defendant sent plaintiff an interrogatory specifically asking him upon what medical conditions he was basing his claim. Later, after discovery had closed plaintiff sought to include additional medical conditions as bases for his claim in the pretrial order. This court held that those additional medical conditions could not be included in the pretrial order because they had not been identified in plaintiff's response to the interrogatory, and that answer had not been subsequently supplemented to include them.

---

[12] *Id.* at 6.
[13] *See Lara v. USD 501*, No. 06-4145-RDR.

The court based its ruling on Fed. R. Civ. P. 37(c)(1), which states in part that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." After determining that Lara's failure to supplement his interrogatory response as required by Rule 26(e) was not substantially justified or harmless, this court ruled that information concerning his additional medical conditions could not be included in the pretrial order.

As should be readily apparent, the ruling in *Lara* has no bearing in the current situation, where plaintiff has not demonstrated any failure on the part of defendant to comply with the requirements of Rule 26(a) or (e). Defendant specifically pled after-acquired defenses in its answer and significant discovery appears to have taken place on these matters.[14]

### iii.    Reopening discovery

Aside from plaintiff asking the court to strike defendant's defenses, the court is not clear as to what remedy plaintiff seeks. Plaintiff quotes the deposition of defendant's Human Resources Manager, Dennis Linebarger, at length, especially the portions of his testimony where defendant's counsel instructed Mr. Linebarger not to respond to certain questions based on attorney-client privilege. However, plaintiff does not seek to reopen Mr. Linebarger's deposition or to ask the court to rule on the appropriateness of defense counsel's objections. Additionally, plaintiff attaches defendant's response to plaintiff's written discovery, but fails to identify what discovery, if any, he seeks to compel or to articulate if and or how defendant's responses were inadequate. Essentially, the court is

---

[14]*See e.g.*, Response (Doc. 61) at p. 5-11.

without any direction as to the reason for, or the scope of, the additional discovery plaintiff seeks.  In light of the above, the court, in its discretion, will not broadly reopen discovery as plaintiff seeks.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion for an Extension of Time to Conduct Discovery (Doc. 52) is granted.  Defendant shall make Mr. Kirchner available for deposition by May 22, 2008.  The parties' dispositive motion deadline is extended to June 19, 2008.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Strike Defenses or in the Alternative to Compel Discovery (Doc. 58) is denied.

**IT IS SO ORDERED.**

Dated this 8th day of May, 2008, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge